IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-00295-01-CR-W-GAF |
| | ) | Case No. 19-00205-01-CR-W-GAF |
| JAMES HAWKINS, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

Pending before the Court is defendant James Hawkins's *pro se*[1] Motion to Dismiss for Lack of Venue (Doc. #78 in Case No. 18-00295-01-CR-W-GAF and Doc. #36 in Case No. 19-00205-01-CR-W-GAF). For the reasons set forth below, it is recommended that this motion be denied.

I. INTRODUCTION

A. Case No. 18-00295

On October 23, 2018, the Grand Jury returned a two-count Indictment against defendant James Hawkins. On August 6, 2019, the Grand Jury returned a two-count Superseding Indictment against defendant Hawkins. The Superseding Indictment charges that:

**COUNT ONE**

On or about January 12, 2018, in the Western District of Missouri, the defendant, JAMES HAWKINS, knowing he had been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit: a Remington, Model 870 Express, 12 gauge shotgun, bearing Serial Number D577796A, which had been transported in interstate commerce, contrary

---

[1]Defendant Hawkins elected to proceed *pro se* on December 27, 2018, in Case No. 18-00295-01-CR-W-GAF, and on June 26, 2019, in Case No. 19-00205-01-CR-W-GAF.

to the provisions of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

**COUNT TWO**

On or about January 12, 2018, in the Western District of Missouri, the defendant, JAMES HAWKINS, knowingly received and possessed a shotgun having a barrel of less than 18 inches in length, to wit: a Remington, Model 870 Express, 12 gauge shotgun, bearing Serial Number D577796A, not registered to him in the National Firearms Registration and Transfer Record.

All in violation of Title 26, United States Code, Sections 5841, 5861(d), and 5871.

(Superseding Indictment at 1-2; Doc. #60.)

B.  <u>Case No. 19-00205</u>

On June 25, 2019, the Grand Jury returned a one-count Indictment against defendant James E. Hawkins. The Indictment charges that on May 20, 2019, defendant Hawkins knowingly possessed a dangerous weapon in the Charles Evans Whittaker Courthouse for the Western District of Missouri, a Federal court facility.

II. <u>DISCUSSION</u>

Defendant Hawkins requests that the Court dismiss the charges in Case No. 18-00295 because "the Court lacks jurisdiction and venue over the subject matter" as the charges were not brought timely. (Hawkins's Motion to Dismiss at 2.) Defendant Hawkins contends that the firearm at issue in this case, that is the Remington, Model 870 Express, 12 gauge shotgun, bearing Serial Number D577796A, had been transported in interstate commerce in 2003 and given the five-year statute of limitations, "the interstate commerce nexus expired in 2008," thus making the charges untimely. (*Id.*)

Defendant Hawkins contends that the charges in Case No. 19-00205 should be dismissed as fruit of the poisonous tree. (Hawkins's Motion to Dismiss at 3.) Defendant Hawkins argues

2

that "if the initial charges had not been brought," he would not have been in the courthouse on May 20, 2019, and "the other would never have arose." (*Id.*)

The statute of limitations for Count One of the Superseding Indictment in Case No. 18-00295 is five years. *See* 18 U.S.C. § 3282 ("no person shall be prosecuted . . . for any offense, not capital, unless the indictment is found . . . within five years next after such offense shall have been committed.") *See also United States v. Seay*, CR. 08-40166, 2009 WL 10696766, at *7 (D.S.D. Apr. 7, 2009)("the statute of limitations for a violation of 18 U.S.C. § 922(g)(3) is five years from the last date of possession"). Count One of the Superseding Indictment in Case No. 18-00295 alleges that the offense was committed, i.e. defendant Hawkins possessed the firearm, on January 12, 2018. Thus, the statute of limitations would run on this offense in January of 2023.

The statute of limitations for Count Two of the Superseding Indictment in Case No. 18-00295 is three years. *See* 26 U.S.C. § 6531 ("No person shall be prosecuted . . . for any of the various offenses arising under the internal revenue laws unless the indictment is found . . . within 3 years next after the commission of the offense.") Count Two alleges that the offense was committed, i.e. defendant Hawkins received and possessed the firearm, on January 12, 2018. Thus, the statute of limitations would run on this offense in January of 2021.

Given the allegations of the Superseding Indictment, there does not appear to be a statute of limitations violation. Therefore, defendant Hawkins's request that the Court dismiss the charges in Case No. 18-00295 must be denied. However, whether the government will present evidence at trial to support the allegations that defendant Hawkins received and/or possessed the firearm within the statute of limitations remains to be seen.[2] Defendant Hawkins is free to renew his statute

---

[2]In the one case cited by defendant Hawkins in his motion to dismiss, *United States v. Wolf*, 405

of limitations challenge at the close of the government's case at trial.

Because defendant Hawkins's argument to dismiss the charges in Case No. 19-00205 is premised on the Court finding the charges in Case No. 18-00295 untimely, the defendant's request that the Court dismiss the charges in Case No. 19-00205 must also be denied as the Court has not found the charges in Case No. 18-00295 to be barred by any statute of limitations violation.

### III. CONCLUSION

Based on the foregoing, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying defendant Hawkins's Motion to Dismiss for Lack of Venue.

The parties are reminded they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to same. A failure to file and serve timely objections shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

 */s/ Lajuana M. Counts*
Lajuana M. Counts
United States Magistrate Judge

---

F. Supp. 731, 733 (E.D. Mo. 1975), *aff'd*, 535 F.2d 476 (8th Cir.), *cert. denied*, 429 U.S. 920 (1976), the defendant, who was charged with being a felon who unlawfully received a firearm, was found not guilty because the government failed to present evidence as to when the firearm was received by the defendant. Evidence of possession was found "insufficient to show when [the firearm] was received and that it was received at a period of time which is not barred by the statute of limitations." *Id.*

Case 4:19-cr-00205-RK   Document 39   Filed 12/18/19   Page 4 of 4